JOHN W. MOORE

*v.*

MARY E. MOORE.

NEW TRIAL—*conflicting evidence on bill for divorce.* Although the evidence on the trial of a bill for divorce may be conflicting, and the charge of adultery

found against the defendant may have been only on circumstantial evidence, coupled with an admission said to have been made by him, and he may have denied the admission, this court will not grant a new trial, the jury and court below having a better opportunity of judging to which of the witnesses credence should be given.

Appeal from the Circuit Court of Coles county; the Hon. Oliver L. Davis, Judge, presiding.

Mr. O. B. Ficklin, and Messrs. Craig & Lietch, for the appellant.

Messrs. Clark & Scott, for the appellee.

Per Curiam: This was a proceeding, by bill in equity, in the circuit court of Coles county, by Mary E. Moore, complainant, and against John W. Moore, defendant, for a divorce, on the ground of adultery. There was an answer denying the charge, and a cross-bill by defendant, charging complainant with extreme and repeated cruelty toward him, and claiming a divorce from complainant for her fault. There was a trial of the issues by a jury, who, under instructions, rendered a verdict for the complainant, whereupon the court decreed a divorce, as prayed. To reverse this decree, the defendant appeals.

One error assigned is, the refusal of the court to grant a new trial on defendant's motion, and the principal point is made on this ruling.

There was evidence tending to prove the truth of the charge, circumstantial, wholly, but it was supplemented by proof of an admission or confession, made by the defendant to the brother of complainant, that he had sexual intercourse with one or more females, and which admission the brother communicated to his sister a few days before the bill was filed. All this is stoutly denied by the defendant, and also by one of the females alleged to have been one of the guilty parties. The jury had a right, for all that appears to us, to give credence to the brother's testimony, and to that of complainant, in preference to that of defendant and his witnesses. They

could observe their bearing on the stand, the manner of testifying, and all the circumstances calculated to inspire or repel belief, and we do not think, in such a case as this, the verdict should be disturbed. The parties will be better situated by the separation.

The decree is affirmed.

*Decree affirmed.*